Eleanor B. DAUGHERTY, et al., Petitioners,

v.

SOUTHERN PACIFIC TRANSPORTATION COMPANY, Respondent.

No. C–8305.

Supreme Court of Texas.

June 14, 1989.

---

J.L. Hinojosa, Houston, for petitioners.

Mainess Gibson, Deborah A. Newman, Houston, for respondent.

DOGGETT, Justice.

Petitioners, Eleanor B. Daugherty and Nancy Daugherty Gunselman, wife and daughter of Elbie Daugherty, brought this negligence action for damages concerning his death against his employer, Southern Pacific Transportation Company, under the Federal Employers' Liability Act (FELA), 45 U.S.C.A. § 51, *et seq.* (West 1986). Elbie Daugherty was struck and killed by a truck which was being backed down a road in Southern Pacific's Englewood Yard by a fellow employee. During the trial, the Daughertys requested the trial court to take judicial notice of certain regulations, 29 C.F.R. § 1926.601 (1988), promulgated pursuant to the Occupational Safety and Health Administration (OSHA) Act of 1970, 29 U.S.C.A. § 651, *et seq.* (West 1985). The trial court refused this request because the Daughertys had not pleaded the regulations. Based upon jury findings that neither Southern Pacific nor Elbie Daugherty were negligent, the trial court rendered a take-nothing judgment in favor of Southern Pacific.

In an unpublished opinion, the court of appeals affirmed the trial court's judgment holding that any error in the trial court's refusal to take judicial notice of the OSHA regulation was harmless. We hold that the failure to plead federal regulations does not preclude a trial court from taking judicial notice of those regulations. We therefore reverse the judgment of the court of appeals and remand the cause for a new trial.

The Daughertys brought this action alleging, in part, that Southern Pacific was negligent in failing to provide a safe place to work, in failing to equip the truck with a warning device to indicate reverse gear and in failing to post a watchman behind or beside the truck. At trial, they attempted to introduce into evidence and have the court take judicial notice of OSHA regulations relating to the operation of motor vehicles which provide in part:

(a) *Coverage.* Motor vehicles as covered by this part are those vehicles that operate within an off-highway jobsite, not open to public traffic....

\* \* \* \* \* \*

(4) No employer shall use any motor vehicle equipment having an obstructed view to the rear unless:

(i) The vehicle has a reverse signal alarm audible above the surrounding noise level or:

(ii) The vehicle is backed up only when an observer signals that it is safe to do so.

29 C.F.R. § 1926.601(a), (b)(4). The trial court sustained Southern Pacific's objection to the admission of the regulations on the ground that the Daughertys had not pleaded them.

On appeal, the Daughertys argued that the trial court's refusal to take judicial notice of the OSHA regulations was in violation of Tex.R.Civ.Evid. 202. Rule 202 provides that, "[a] court upon its own motion may, or upon the motion of a party shall take judicial notice of the ... public statutes, rules, [and] regulations ... of every other state, territory or jurisdiction of the United States." The requesting party is required to furnish the court with sufficient information to enable it to comply with the request and to give such notice to all parties as the court may deem necessary. TEX.R.CIV.EVID. 202. The Daughertys, relying on *Riverside National Bank v. Lewis,* 572 S.W.2d 553, 558 (Tex.Civ.App. —Houston [1st Dist.] 1978), *rev'd in part, aff'd in part,* 603 S.W.2d 169 (Tex.1980)

and *Lyon Van Lines, Inc. v. Ogden*, 503 S.W.2d 632, 636 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ), contended that Texas courts must take judicial notice of federal law.

The court of appeals distinguished *Riverside National Bank* and *Lyon Van Lines*, stating that in those cases the federal laws in question were shown to be applicable to the facts of the case. OSHA regulations apply to cases brought under the FELA unless the Federal Railroad Administration (FRA) has promulgated a rule or articulated an inconsistent formal position relating to the working condition at issue in the case. *Southern Pac. Transp. Co. v. Usery*, 539 F.2d 386 (5th Cir.1976), *cert. denied*, 434 U.S. 874, 98 S.Ct. 222, 54 L.Ed.2d 154 (1977). According to the court of appeals, the Daughertys offered no competent evidence that the OSHA regulations they sought to have judicially noticed applied in this case. The court then stated that even if the trial court did err in refusing to take judicial notice of the regulations, that error was harmless because the Daughertys had presented and explained the regulations to the jury several times during the trial.

■ The Daughertys contend that it is not necessary for a party to plead a statute or regulation of another jurisdiction before judicial notice can be taken. We agree. The failure to plead sister-state law does not preclude a court from judicially noticing that law. *Wickware v. Session*, 538 S.W.2d 466, 469 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.); 33 S. Goode, O. Wellborn, III, & M Sharlot, *Guide to the Texas Rules of Evidence: Civil and Criminal* § 202.1 (*Texas Practice* 1988). We do not agree, however, with the Daughertys' contention that courts *must* take judicial notice of federal law. *See Tippett v. Hart*, 501 S.W.2d 874–75 (Tex.1973) (per curiam). Rule 202 requires the moving party to furnish sufficient information to the trial court for it to determine the foreign law's applicability to the case and to furnish all parties any notice that the court finds necessary. TEX.R.CIV.EVID. 202. The determination of compliance with these requirements is within the discretion of the trial court. In the present case the Daughertys attempted to establish that the OSHA regulations applied. However, the trial court did not consider the question of their applicability nor did it address the issue of notice to other parties, since it refused to take judicial notice on the improper ground that the Daughertys had not pleaded the regulations in question.

■ We also cannot agree with the court of appeals' conclusion that any error committed by the trial court was harmless. An error is reversible if it "was reasonably calculated to cause and probably did cause the rendition of an improper judgment...." TEX.R.APP.P. 81(b)(1). The Daughertys did explain the OSHA regulations to the jury on several occasions; however, Southern Pacific objected and the trial court repeatedly admonished the jury that the regulations were not in evidence and should not be considered. Appellate courts must presume that the jury has acted in accordance with the trial court's instructions. *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160, 167 (Tex.1982); *Duncan v. Smith*, 393 S.W.2d 798, 805 (Tex.1965).

■ The Daughertys assert that, in the appropriate circumstances, a violation of OSHA regulations can constitute negligence per se. *Dixon v. Int'l Harvester Co.*, 754 F.2d 573, 581 (5th Cir.1985); *Melerine v. Avondale Shipyards, Inc.*, 659 F.2d 706, 709–12 (5th Cir.1981). We need not decide this question because the Daughertys did not plead negligence per se. "[A] party relying upon a statutory violation should plead this reliance if he is to recover on that basis.... Further, the pleader should reasonably identify the statute relied upon." *Murray v. O & A Express, Inc.*, 630 S.W.2d 633, 636 (Tex.1982) (citations omitted). While the failure to plead a statute or regulation is not a proper ground for a trial court's refusal to judicially notice it, a party seeking to recover on the ground of negligence per se must plead a statutory violation.

We hold that a trial court is not precluded from judicially noticing a statute or reg-

ulation of another jurisdiction on the basis that it has not been pleaded. Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court for a new trial. Because of our disposition of this cause, we do not reach the Daughertys' point of error complaining of the legal sufficiency of the evidence to support the jury's findings.