Adolfo ZAVALA, Jr., Appellant,

v.

Jose Luis TRUJILLO, Appellee.

No. 08–93–00448–CV.

Court of Appeals of Texas, El Paso.

May 26, 1994.

Rehearing Overruled July 6, 1994.

Robert J. Perez, Caballero, Panetta & Ortega, El Paso, for appellant.

Roger C. Davie, Malone & Davie, El Paso, Mitchell Moss, Malone & Davie, El Paso, for appellee.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an appeal from the trial court's take nothing judgment on the verdict rendered against Adolfo Zavala, Jr., Appellant, following the jury trial of a personal injury case. In two points of error, Appellant attacks the trial court's denial of his motion for

leave to file a trial amendment to his pleadings and refusal to submit a requested jury instruction on negligence per se. We reverse the judgment of the trial court.

## I. *SUMMARY OF THE EVIDENCE*

On October 12, 1991, Appellant and his cousin, Jose Luis Trujillo, Appellee, decided to go waterskiing on Ascarate Lake in El Paso. Appellee, who had approximately twelve years of waterskiing experience, provided his boat for the outing and volunteered to teach Appellant to waterski since Appellant had no previous waterskiing experience. On Appellant's third attempt to get up onto the skis while Appellee was operating the boat, Appellant fell and injured his knee.

The record shows that Appellant filed suit against Appellee on September 30, 1992, alleging that Appellee was negligent in that he operated the boat at an unreasonable rate of speed, failed to properly control the operation of the boat, and failed to operate the boat in a safe manner. On January 19, 1993, Appellant amended his petition to allege that, in addition to these acts of negligence, Appellee also failed to properly instruct Appellant how to waterski, failed to instruct Appellant on the use of hand signals, and failed to instruct Appellant on the proper method of falling. At the time of trial, Appellant's petition included only these allegations of negligence and made no reference to any statutory violation as a basis of Appellee's liability.

The record further shows that during trial, counsel for Appellant called Appellee as a hostile witness during Appellant's case-in-chief. During this examination by Appellant's counsel, Appellee testified that his boat was not equipped with a rear-view mirror and there was not an observer, other than Appellee, on board the boat. Appellee also testified, however, that he was able to watch

Appellant as he was skiing and did in fact see Appellant as he fell and injured his knee. Further, Appellee testified that he did not think that having an observer on board would have helped at all to prevent Appellant's accident. Appellant's counsel then attempted to elicit testimony from Appellee concerning the existence of a statute mandating the use of a rear-view mirror or observer on boats used to tow waterskiers. Counsel for Appellee objected on the ground that Appellant had not pleaded any statutory violation and thus could not rely on or make reference to the existence of such a statute. The trial court sustained Appellee's objection and ordered the jury to disregard any mention of such a statute.

Before Appellant concluded his case-in-chief, he filed with the court a Motion for Leave to File Trial Amendment to First Amended Petition and the proposed trial amendment. The trial amendment sought to add to Appellant's petition an allegation that Appellee had failed to operate his boat as required by Section 31.071 of the Texas Water Safety Act [1] so that Appellant could get a jury instruction on negligence per se. Appellant also filed at that time his proposed requested supplemental jury instructions, definitions, and questions, including an instruction on negligence per se, based on the trial amendment. The record shows that Appellant then concluded his case-in-chief, Appellee moved for an instructed verdict that was denied, and Appellee rested without putting on any additional evidence. The trial court denied Appellant's motion for leave to file the trial amendment and refused Appellant's requested instruction on negligence per se.

The charge submitted to the jury instructed them that negligence means "failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would

1. Section 31.071 reads:
(a) A vessel used to tow a person or persons on water skis or an aquaplane or similar device on the water of this state must have a rear view mirror of a size no less than four inches from bottom to top and across from one side to the other. The mirror must be mounted firmly so as to give the boat operator a full and complete view beyond the rear of the boat at all times.

(b) Subsection (a) of this section does not apply to vessels used in water ski tournaments, competitions, or exhibitions, or to a vessel that, in addition to its operator, has on board a person 13 years of age or older observing the progress of the person being towed.
Tex.Parks & Wild.Code Ann. § 31.071 (Vernon 1991).

have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances." In answer to Question Number One, the jury found that the negligence of neither Appellee nor Appellant proximately caused the occurrence in question. Based on this jury verdict, the trial court rendered a take nothing judgment against Appellant.

## II. DISCUSSION

In Point of Error No. One, Appellant asserts that the trial court abused its discretion by denying his motion for leave to file the trial amendment.

### A. Texas Rules of Civil Procedure 63 and 66 [2]

■ It is well established that a party may amend his pleadings during the course of a trial. *Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938, 940 (Tex.1990). Rule 63 states in part:

Parties may amend their pleadings, ... as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any pleadings, responses or pleas offered for filing within seven days of the date of trial or thereafter, ... shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.

Rule 66 further provides:

If evidence is objected to at the trial on the ground that it is not within the issues made by the pleading, or if during the trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the mer-

its. The court may grant a postponement to enable the objecting party to meet such evidence.

### B. Standard of Review

The filing of a trial amendment is within the sound discretion of the trial court. *Concha v. Concha*, 808 S.W.2d 230, 231 (Tex. App.—El Paso 1991, no writ). However, under Rules 63 and 66, a trial court has no discretion to refuse a trial amendment unless: (1) the party opposing the amendment presents evidence of surprise or prejudice; or (2) the trial amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment. *Greenhalgh*, 787 S.W.2d at 939. The burden of showing surprise or prejudice at the trial court clearly rests on the party opposing the trial amendment. *Id.*

■ The test for abuse of discretion is not whether, in the opinion of this Court, the facts present an appropriate case for the trial court's actions. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *citing Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

■ Some earlier cases held that on appeal of a trial court's refusal to allow a trial amendment that would introduce new substantive matter, the burden rested on the party seeking the amendment at trial to show this abuse of discretion, rather than on the party opposing the amendment to show surprise or prejudice. *See, e.g., Hardin v. Hardin*, 597 S.W.2d 347, 349–50 (Tex.1980). In *Greenhalgh*, however, the Supreme Court clarified that, in a case not involving an amendment prejudicial on its face, the burden is still on the party opposing the trial amendment to create a record showing surprise or prejudice. 787 S.W.2d at 939. Thus, a trial court abuses its discretion in such a case by refusing a trial amendment in the absence of a record demonstrating this surprise or prejudice.

**2.** All references to rules are to the Texas Rules of Civil Procedure, unless otherwise noted.

## C. Negligence Per Se

In the instant case, the record shows that Appellant's amended petition contains allegations of four specific acts of negligence and two general allegations of negligence.[3] Appellant's requested trial amendment alleged a specific act of negligence, i.e., the violation of Section 31.071 of the Texas Water Safety Act, and attached this allegation to his allegation that Appellee failed to operate his boat in a safe manner. In so doing, Appellant attempted to further define his general allegation of negligent operation of the boat by pointing to a specific act.

■ Appellee argues that the proposed trial amendment was substantive in nature and asserted a new cause of action, and that the record from the trial court demonstrates the surprise or prejudice that would have resulted from its allowance. We first note that negligence per se is not a cause of action separate and independent from a common-law negligence cause of action. Negligence per se is merely one method of **proving**, through proof of an unexcused violation of a penal statute designed to protect the class of persons to which the injured party belongs,[4] the breach of duty required in any negligence cause of action, establishing negligence as a matter of law. *Murray v. O & A Express, Inc.*, 630 S.W.2d 633, 636 (Tex. 1982). As such, we hold that the proposed trial amendment did not inject a new cause of action into the trial and is not prejudicial on its face. Appellee was thus required in the trial court to create a record demonstrating surprise or prejudice as a result of the trial amendment. *See Greenhalgh*, 787 S.W.2d at 939.

## D. Surprise/Prejudice

■ Appellee asserts on appeal that, through his objections at trial, he offered sufficient evidence to establish the requisite element of surprise or prejudice. First, Appellee contends that the negligence per se issue was not raised in either of Appellant's original or amended petitions. Next, Appellee contends that Appellant did not reference a statutory violation in response to Appellee's interrogatories which inquired as to the theories of liability to be relied upon by Appellant. Finally, Appellee contends that his case would have been prejudiced by the trial amendment in that: (1) Appellant knew of the possible applicability of the statute but failed to inquire of Appellee during deposition about the existence of a rear-view mirror; and (2) Appellee did not have sufficient time to develop a defense to the alleged statutory violation.[5]

The record shows that during the examination of Appellee by Appellant's counsel, the following exchange took place after Appellee testified that his boat did not have a rear-view mirror:

[Question by Counsel for Appellant]: Did you need to have an observer on the boat

---

3. The allegations of specific acts of negligence are: (1) the failure to properly instruct Appellant on correct waterskiing procedure; (2) the failure to inform or instruct Appellant on the use of hand signals; (3) the failure to inform or instruct Appellant concerning the proper method of falling; and (4) the operation of the boat at a rate of speed greater than was reasonable and prudent under the circumstances. The general allegations of negligence are: (1) the failure to properly control the operation of the boat in order to avoid the incident in question; and (2) the failure to operate the boat in a safe manner so as not to endanger the safety of Appellant.

4. It is clear in the instant case that the statute involved was designed to prevent injury to waterskiers such as Appellant. Violation of Section 31.071 is a Class C Parks and Wildlife Code misdemeanor, punishable by a fine of not less than $25 nor more than $500. TEX.PARKS & WILD. CODE ANN. §§ 31.127(a) and 12.406.

5. When a defendant is alleged is alleged to be negligent as a matter of law because of the violation of a statute and the statutory violation is proven, the only defense available to the defendant is that of excuse. *Murray*, 630 S.W.2d at 636. It is well settled in Texas that the five categories of situations where a statutory violation is excused are:

(a) the violation is reasonable because of the actor's incapacity;
(b) the actor neither knows nor should know of the occasion for compliance;
(c) the actor is unable after reasonable diligence or care to comply;
(d) the actor is confronted by an emergency not due to his own misconduct; or
(e) compliance would involve a greater risk of harm to the actor or to others.

*Id.*; *Impson v. Structural Metals, Inc.*, 487 S.W.2d 694, 696 (Tex.1972).

when you took Mr. Zavala waterskiing on October the 12th?

[Answer by Appellee]: No, ma'am, I did not.

[Question]: Why do you say that?

[Answer]: Well, are you talking as far as regulations or something like that?

[Question]: That's correct.

[Answer]: No.

[Question]: You're not aware of any regulation or law that requires you to have an observer on the boat?

[Answer]: Here in the State of Texas, no, ma'am, I don't.

[Question]: Are you aware of any regulation or law that tells you that you have to have a rear-view mirror of a size no less than four inches from bottom to top and across from one side to the other if you are pulling somebody on water skis?

[Answer]: No, ma'am, I'm not aware of that regulation.

[Question]: Were you aware, Mr. Trujillo, that you were violating Texas law by not having an observer on the boat?

[Counsel for Appellee]: Your Honor, I'm going to object to the law as he's not an expert.

.    .    .    .    .

[Counsel for Appellee]: Your Honor, just to preserve my record so nothing is tried by consent, I'm objecting to any mention of the law or statute. Nothing has been pled or relied upon by the Plaintiff and I don't want it to be tried by consent at a later date so I'm objecting to any information as not being relevant to this lawsuit.

.    .    .    .    .

[Question]: Okay. Are you aware that Texas law requires a vessel used to tow a person or persons on water skis or an aquaplane or similar device on the water of this state must have a rear-view mirror of a size no less than four inches from the bottom to top and across from one side to the other. The mirror must be mounted firmly so as to give the boat operator a full and complete view beyond the rear of the boat at all times.

[The Court]: Just a moment.

[Counsel for Appellee]: Just for the purposes of the record, Your Honor, I don't want to try anything by consent. I'm objecting to any mention of Texas law as not being relevant and, two, Plaintiff has never pled or relied upon any such statute, or law, or regulation and, therefore, it's irrelevant to this case.

[Counsel for Appellant]: Your Honor, we have pled that he went out there and he operated this boat in an unsafe manner and to endanger the well-being and safety of Mr. Zavala. This encompasses that.

[The Court]: I'll overrule the objection. You may answer if you know, sir.

.    .    .    .    .

[Answer]: No, I'm not. I've never seen that enforced here in El Paso.

Appellant's counsel then attempted to introduce Section 31.071 into evidence, and counsel for Appellee objected as follows:

[Counsel for Appellee]: One is, I've never been provided this. Two, it's never been pled so quite frankly it's irrelevant and I certainly don't want to end up trying anything by consent. This is the first time I've seen this or heard her talk about it.

.    .    .    .    .

[Counsel for Appellant]: ... I didn't know until right now until he said he didn't have a rear-view mirror and I didn't know that ahead of time. If he's saying that I didn't plead it, I'll go ahead and ask for a trial amendment and put it in my pleadings.

.    .    .    .    .

[Counsel for Appellee]: It was a choice you made in the pleadings. The evidence must go with the pleadings and this is outside your pleadings. I'm not going to try this by consent. I want to object to it as being irrelevant.

.    .    .    .    .

[The Court]: ... The objection will be sustained.

The trial court then instructed the jury not to consider any reference to any statute or law that may have been made either in a question or to an answer to that question.

The record further shows that the following morning, counsel for Appellant filed the proposed trial amendment. The record shows that the following exchange took place at that time:

> [Counsel for Appellant]: ... [W]e were not aware of the fact that this man did not have a rear-view mirror until he testified yesterday and this motion was prepared last night. It is not a motion that would have any surprise involved in that we did plead from the very beginning that this boat was being operated in this unsafe manner to the extent that it endangered the well-being of Mr. Zavala.
>
> [Counsel for Appellee]: Just for the record, Your Honor, I am very surprised to see the statute. The first time that I have seen it was yesterday. I objected to it when it came in....
>
> .    .    .    .    .
>
> [Counsel for Appellee]: ... But this is the first time I've ever seen the statute. It was never pled. I didn't even know this statute existed until yesterday when Plaintiff's Counsel started attempting to read it in front of the Jury.
>
> [Counsel for Appellant]: There was no special exception to the pleadings.
>
> [Counsel for Appellee]: I didn't need to. You didn't plead it. Plaintiff's have never pled anything except for straight negligence. Never was negligence per se ever mentioned in any petition filed by the Plaintiff.
>
> Furthermore, in interrogatories I requested the Plaintiff to list all theories of liability on the part of my client and never was a statute pled at that time neither.

■ The general rule is that a party relying upon a statutory violation should plead such reliance if he or she is to recover on that basis. *Daugherty v. Southern Pac. Transp. Co.,* 772 S.W.2d 81, 83 (Tex.1989); *Murray,* 630 S.W.2d at 636 (citations omitted). Further, the pleader should reasonably identify the statute relied upon. *Id.* However, as the Supreme Court stated in the case of *Mobil Chem. Co. v. Bell:*

> 'The purpose of pleading is to apprise opposing parties of the exact grounds of complaint against them, so that they may prepare to meet the issues thus made.' *Johnson v. Galveston, H. & N. Ry. Co.,* [27 Tex.Civ.App. 616] 66 S.W. 906, 908 (Tex. Civ.App.1902, writ ref'd).... However, if the plaintiff's pleading gives fair notice that he is not relying solely on specific acts but instead intends to also rely on any other negligent acts reasonably inferable from the circumstances of the accident, his proof is not limited to the specific acts alleged. (Citations omitted).

517 S.W.2d 245, 254 (Tex.1974). [Emphasis added].

■ We are thus presented with the questions of whether Appellant's amended petition gives fair notice that he was not relying solely on the specific acts pleaded and that he intended to also rely on other negligent acts reasonably inferable from the circumstances of the accident, and whether those other negligent acts are reasonably inferable therefrom. We hold that Appellant's amended petition, which contained the four allegations of specific acts of negligence and the two general allegations, does indeed give fair notice that he is not relying solely on the specific acts pleaded. Further, the proposed trial amendment, alleging the absence of required equipment, i.e., a rear-view mirror or observer in violation of Section 31.071, merely attempted to specify an act falling under the general allegation of failing to operate the boat in a safe manner.

The record in the instant case also contains the interrogatories propounded by Appellee to Appellant, and Appellant's answers thereto. Appellee's Interrogatory 11 and Appellant's answer read as follows:

> Please list all reasons you believe that Defendant was at fault. By "at fault," Defendant means to specify the legal duty you feel was breached by specifying any statute, rule or common law principle applicable and state how such duty was allegedly breached.
>
> ANSWER: Objection. I am not qualified to give a legal opinion. Without waiving the foregoing, however, the allegations should be fully set forth in the pleadings. Discovery is ongoing, and there may be

other acts of negligence which may be pointed out later on.

Appellant later amended and supplemented his answers to the interrogatories, but he did not supplement the answer to Interrogatory 11. The failure to plead the statute coupled with this failure to supplement discovery, Appellee argues, shows that he was unfairly surprised by the proposed trial amendment.

The record further includes, however, Plaintiff's (Appellant's) Pretrial Conference Memorandum, which was served on Appellee approximately three months before the trial. Included in this memorandum is Appellant's trial exhibit list, listing the Digest of the Texas Water Safety Act pamphlet issued by Texas Parks & Wildlife as one of Appellant's exhibits. While this digest is not included in the record in this appeal, a simple reading of the Texas Water Safety Act[6] itself reveals that it is not voluminous, particularly the few sections pertaining to required equipment and boat operation regulations. TEX.PARKS & WILD.CODE ANN. §§ 31.061–.107 (Vernon 1991 and Supp.1994).[7]

After examining the entire record, we hold that although Appellant did not plead the violation of Section 31.071, his pleadings and the surrounding circumstances were sufficient to impart some notice to Appellee that Appellant intended to rely on provisions of the Texas Water Safety Act to impose liability on Appellee. While new issues were raised by the trial amendment, specifically the existence of any excuse for the violation of the statute, the disclosure of the Texas Water Safety Act pamphlet gave Appellee both fair notice that Appellant was relying on that body of law and sufficient time to inquire of his own client about a possible violation of the statute and prepare a defense thereto. Appellee's contention that he was prejudiced by Appellant's lack of due diligence in discovering the lack of a rear-view mirror is misplaced, as the language in *Greenhalgh* indicates that the only basis for refusing a trial amendment are surprise or prejudice; the lack of diligence on the part of the pleader are not factors to be considered. *Greenhalgh*, 787 S.W.2d at 939. Thus, we hold that Appellee failed to create in the trial court a record demonstrating that he was surprised or prejudiced to the extent necessary to preclude the allowance of Appellant's proposed trial amendment.[8] Accordingly, we hold that the trial court abused its discretion in refusing the trial amendment, and Appellant's Point of Error No. One is sustained.

Given our disposition of Point of Error No. One, we need not address Appellant's Point of Error No. Two, which asserts error in the trial court's denial of his requested jury instruction on negligence per se. Appellant could not receive a jury instruction on negligence per se in the absence of such a pleading to support it; therefore, the trial court's error in refusing the trial amendment amounted to such a denial of the rights of Appellant as was reasonably calculated to and probably did cause rendition of an improper judgment. *See* TEX.R.APP.P. 81(b).

We reverse the judgment of the trial court and remand the cause to the trial court for new trial.

---

6. TEX.PARKS & WILD.CODE ANN. §§ 31.001–.142.

7. Section 31.095 of the Act provides in part:
   (a) No person may operate any boat at a rate of speed greater than is reasonable and prudent, having due regard for the conditions and hazards, actual and potential, then existing,
   . . .
   TEX.PARKS & WILD.CODE ANN. § 31.095. This language is substantially similar to the allegation in Appellant's petition that Appellee operated the boat "at a rate of speed greater than was reasonable and prudent under the circumstances."

8. This opinion should not be read to imply that the disclosure of the pamphlet constituted full compliance with applicable discovery rules; however, in light of the surrounding circumstances, such disclosure is sufficient to negate a claim of surprise or prejudice under Rules 63 and 66.