**Conditionally Granted and Opinion Filed December 20, 2018**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

---

**No. 05-18-00896-CV**

---

### IN RE ASSOCIATED TRUSS COMPANY, Relator

---

**Original Proceeding from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-14-06332-A**

---

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Bridges

In this original proceeding, relator complains of the trial court's order granting a mistrial following a jury trial and receipt of the jury's verdict. We stayed the underlying proceedings and requested responses from real parties in interest and respondent. After reviewing the petition, the real parties in interest's response, and the mandamus record, we conditionally grant the petition.

### Background

The underlying proceeding relates to a motor vehicle accident in which Celedonio Lara-Torres was killed and Luis Rodriguez was injured after the F-150 truck they were in was hit by an 18-wheeler. The 18-wheeler was carrying an extra-wide load that was loaded, owned, and controlled by relator Associated Truss Company ("ATC"). Following settlements, ATC was the only remaining defendant at the time of trial.

At the start of the formal charge conference, plaintiffs moved for directed verdict on their negligence per se claim against ATC. Part of that claim was the plaintiffs' assertion that ATC

violated the permit issued by TxDOT for the extra-wide load by allowing the tractor-trailer to be operated during prohibited hours, by not training the driver properly, and by failing to take other required steps. Plaintiffs did not plead any alleged violation of the Texas Administrative Code. Plaintiffs moved for directed verdict, however, on ATC's alleged violation of section 219.81 of the Texas Administrative Code. The trial judge granted the directed verdict as to negligence per se and included the following instruction in the jury charge:

> You are instructed that at the time of the death of Celedonio Lara Torres and the injuries, if any, of Luis Rodriguez, Associated Truss Company and Darrell Augustus Herndon were negligent per se and proximately caused the death of Celedonio Lara Torres and the injuries, if any, of Luis Rodriguez, as a matter of law pursuant to the Texas Administration [sic] Code.

The questions presented to the jury, however, asked for findings regarding negligence, not negligence per se, and negligence was separately defined in the charge:

> "Negligence," means a failure to use ordinary care. That is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.
>
> Question No. 1: Did the negligence, if any, of the persons named below proximately cause the death of Celedonio Lara Torres and the injuries, if any, of Luis Rodriguez in question? (*followed by blanks to answer yes or no as to ATS, Herndon, and Rigoberto Gonzalez, individually and dba RG Brick Trucking*)
>
> Question No. 3: (*conditioned on Yes to Question No. 1*) For each person you found caused or contributed to cause the death of Celedonio Lara Torres and the injuries, if any, of Luis Rodriguez find the percentage of responsibility attributable to each: (*followed by blanks as to ATC, Herndon, and Gonzalez / RG Brick Trucking*)
>
> Question Nos. 4, 5, 6, 7, and 8: Damages questions conditioned on "yes" answer to Question No. 1.
>
> Question No. 9: Gross negligence question conditioned on "yes" answer to Question No. 1.

The jury answered "No" to the negligence question (Question No. 1) as to ATC and found ATC 0% responsible in Question No. 3.

After the jury returned its verdict, the plaintiffs moved for a mistrial, arguing that the jury's answers to questions 1 and 3 as to ATC (i.e., the findings of no negligence and no responsibility) conflicted with the directed verdict on negligence per se. The plaintiffs argued that a mistrial was required to remedy the irreconcilable conflicts in the jury's answers. The plaintiffs averred that the negligence per se instruction required the jury to answer "Yes" as to ATC in Question No. 1 and the jury's "No" answer was because ATC's trial counsel told the jury in closing argument to disregard that instruction when answering Question No. 1. The plaintiffs maintained that the directed verdict on negligence per se determined proximate cause as a matter of law as to all their claims against ATC. The trial judge granted the motion for mistrial on June 11, 2018.

In this original proceeding, ATC maintains that the mistrial was improperly granted because the jury's answers are not irreconcilable. Specifically, ATC argues that the negligence per se instruction and directed verdict as to negligence per se applied only to ATC's liability for negligence per se, and the questions posed to the jury related to a separate and distinct claim of negligence. ATC seeks a writ directing the trial court to vacate the order granting a new trial and to sign a judgment in conformity with the jury verdict awarding no relief to plaintiffs, rendering a take nothing judgment as to ATC, and dismissing the plaintiffs' claims with prejudice.

Questions numbers 1 and 3 related to the same material fact (i.e., negligence), and the answers to those questions are consistent with each other. By answering "No" as to ATC for question number 1, the jury was required to assign zero responsibility to ATC in question number 3 as it was presented. Further, the charge did not instruct the jury on what to do with the directed verdict instruction. As such, there was no instruction for the jury to disobey and no basis for the trial court's determination that the jury failed to follow the instructions.

**Applicable Law**

Generally, mandamus relief is appropriate only to correct a clear abuse of discretion or to compel the performance of a ministerial duty, and where the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator bears the burden of demonstrating it is entitled to mandamus relief. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To obtain mandamus relief based on a trial court's failure to perform a ministerial duty, the relator must show that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform that act; and (3) refused to do so. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). Mandamus is the proper vehicle to review the granting of the mistrial. *Galvan v. Downey*, 933 S.W.2d 316, 321 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (proper remedy for appealing the granting of a mistrial is mandamus).

The Texas Rules of Civil Procedure require a court to render a judgment following a jury trial. TEX. R. CIV. P. 300, 301. Where no irreconcilable conflict exists in a jury's findings, the trial court has a ministerial duty to enter a judgment on the verdict. *In re Mesa Petroleum Partners, LP*, 538 S.W.3d 153, 156–57 (Tex. App.—El Paso 2017, orig. proceeding) (citing *Traywick v. Goodrich*, 364 S.W.2d 190, 191 (Tex. 1963)).

**Analysis**

Generally, negligence per se is a common-law tort concept in which a person's expected standard of conduct is defined by a statute instead of the reasonably prudent person test usually found in "pure" common-law negligence claims. *AVPM Corp. v. Childers*, No. 05-17-00372-CV, 2018 WL 3238131, at *2 (Tex. App.—Dallas July 3, 2018, pet. filed) (mem. op.) ("Negligence per se is a tort concept whereby a legislatively imposed standard of conduct is adopted by the civil

courts as defining the conduct of a reasonably prudent person.") (citing *Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274, 278 (Tex. 1979)); *Thomas v. Uzoka*, 290 S.W.3d 437, 444–46 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (citing *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997)). In a negligence per se case, the jury is not asked to determine if the defendant acted as a reasonably prudent person would have acted under the same or similar circumstances. *Carter*, 584 S.W.2d at 278. Instead, the statute itself provides what a reasonably prudent person would have done. *See Durham v. Zarcades*, 270 S.W.3d 708, 718 (Tex. App.—Fort Worth 2008, no pet.). Unless an excuse for the statutory violation is offered, the jury decides only whether the statute was violated and, if so, whether the violation was a proximate cause of the injury. *Childers*, 2018 WL 3238131, at *2 (citing *Thomas*, 290 S.W.3d at 445).

Here, the trial court made those determinations as to negligence per se, finding that ATC violated a statute and that the violation was a proximate cause of the injury. The directed verdict did not determine ATC's percentage of responsibility or damages and did not determine whether ATC engaged in negligent conduct (as opposed to violating a statute) or whether such negligent conduct proximately caused the occurrence in question. That question was posed to the jury in question number 1, and the jury answered "No" as to ATC. "Negligence per se is not a separate cause of action that exists independently of a common-law negligence cause of action." *Thomas*, 290 S.W.3d at 445 (citing *Zavala v. Trujillo*, 883 S.W.2d 242, 246 (Tex. App.—El Paso 1994, writ denied)). "Rather, negligence per se is merely one method of proving a breach of duty, a requisite element of any negligence cause of action." *Id.* (citing *Reynolds v. Murphy*, 188 S.W.3d 252, 267 n.20 (Tex. App.—Fort Worth 2006, pet. denied)). A jury could find that a party violated a statute and that the statutory violation was a proximate cause of the injury but also find that the same party did not engage in other negligent conduct or that the other negligent conduct did not proximately cause the injury. In that situation, a judgment could be rendered against the negligent party on the

negligence per se claim if the negligent party was the sole tortfeasor or the jury assigned a percentage of liability to the negligent party. Here, the plaintiffs did not seek a percentage of liability finding as to ATC for any conduct except allegedly negligent conduct separate from the statutory violation.

In this case, the jury's answers do not conflict with the negligence per se instruction because the jury questions asked about ATC's negligence and, as such, sought to hold ATC liable for conduct separate and apart from the alleged statutory violation. Plaintiffs based their negligence claims on allegations of negligent hiring, negligent training, and negligent retention as well as negligence in ATC's "control, operation, and or direction of the operation of the tractor trailer." The answers to question numbers 1 and 3 as to ATC are consistent with each other because question number 1 related solely to alleged negligence and question number 3 was conditioned on the answers to question number 1. Having answered "No" as to ATC to question number 1, the only answer the jury could provide as to ATC in question number 3 was 0%. The answers to question numbers 1 and 3 as to ATC are also consistent with the negligent per se instruction because question numbers 1 and 3 did not ask about negligence per se or instruct the jury to apply the negligence per se finding in its consideration of those questions. Absent an irreconcilable conflict, the trial judge was required to render judgment in accordance with the verdict. *Traywick*, 364 S.W.2d at 190–91. Here, the trial judge violated that ministerial duty by granting the mistrial and not rendering judgment on the verdict.

Under this record, we conclude ATC is entitled to a writ of mandamus because the trial court violated its ministerial duty to render judgment on the verdict. Accordingly, we conditionally grant the petition and direct the trial court to issue a written ruling vacating its June 11, 2018 mistrial order and to sign a judgment on the verdict within thirty days from the date of this opinion.

A writ will issue should the trial court fail to comply.




/David L. Bridges/
DAVID L. BRIDGES
JUSTICE


180896F.P05