ACCEPTED
03-14-00819-cv
5696714
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/16/2015 2:20:43 PM
JEFFREY D. KYLE
CLERK

## CAUSE NO. 03-14-00819-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/16/2015 2:20:43 PM
JEFFREY D. KYLE
Clerk

# IN THE COURT OF APPEALS FOR THE THIRD COURT OF APPEALS DISTRICT OF TEXAS, AUSTIN, TEXAS

## JUDY WEIRICH,
### Appellant

## VS.

## IESI CORPORATION AND SOUTHSIDE WRECKER, INC.,
### Appellees

## ON APPEAL FROM THE 33RD JUDICIAL
## DISTRICT COURT OF BLANCO COUNTY, TEXAS
## CAUSE NO. CV07387

## BRIEF OF APPELLEE IESI CORPORATION

**THORNTON, BIECHLIN, SEGRATO, REYNOLDS & GUERRA, L.C.**
**Vaughan E. Waters**
Email: vwaters@thorntonfirm.com
State Bar No. 20916700
**Michael J. Clark**
Email: mclark@thorntonfirm.com
State Bar No. 04293300
100 N.E. Loop 410, Suite 500
San Antonio, Texas 78216
Telephone: 210/342/5555
Fax: 210/525-0666
**ATTORNEYS FOR APPELLEE IESI CORPORATION**

**ORAL ARGUMENT REQUESTED**

## NAMES OF THE PARTIES

Pursuant to and in compliance with Rule 38, Tex. R. App. P., the parties to this appeal are:


**JUDY WEIRICH,**
Appellant

COUNSEL:                              **ZACHARY P. HUDLER, PC**
                                      Mr. Zachary P. Hudler
                                      State Bar No. 24032318
                                      100 E. Pecan St., Suite One
                                      Johnson City, TX 78636
                                      Telephone: 830/868-7651
                                      Fax: 830/868-7636
                                      zachary@hudlerlaw.com


**IESI CORPORATION,**
Appellee

COUNSEL:                              **THORNTON, BIECHLIN,
                                      SEGRATO, REYNOLDS &
                                      GUERRA, L.C.**
                                      Mr. Vaughan E. Waters
                                      State Bar No. 20916700
                                      vwaters@thorntonfirm.com
                                      Michael J. Clark
                                      State Bar No. 04293300
                                      mclark@thorntonfirm.com
                                      100 N.E. Loop 410, Suite 500
                                      San Antonio, Texas 78216
                                      Telephone: 210/342-5555
                                      Fax: 210/525-0666

**SOUTHSIDE WRECKER, INC.,**
Appellee

COUNSEL:                           **THE PETRAS LAW FIRM PLLC**
                                        Mr. George J. Petras, IV
State Bar No. 15850510
1504 San Antonio St.
Austin, TX 78701
Telephone: 512/334-9583
Fax: 512/334-9709
gpetras@petraslawfirm.com

TRIAL COURT JUDGE:          The Honorable J. Allan Garrett
424th Judicial District Court
Blanco County, Texas

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Rule 39, Tex. R. App. P., Appellee respectfully requests oral argument in this case.

# TABLE OF CONTENTS

**Page**

NAMES OF THE PARTIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (i)

REQUEST FOR ORAL ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . (iii)

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (iv)

LIST OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (vi)

I.     STATEMENT OF THE CASE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.    ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        (1)     ISSUE NO. 1:THIS HONORABLE COURT HAS JURISDICTION OVER THIS APPEAL (RESPONSIVE TO APPELLANT'S ISSUE NO. 1).

        (2)     ISSUE NO. 2:THIS HONORABLE COURT DID NOT ERR IN GRANTING SUMMARY JUDGMENT, INASMUCH AS THE MOTION EMBRACED ALL CLAIMS AND CAUSES OF ACTION, APPELLANT'S PURPORTED SUMMARY JUDGMENT EVIDENCE WAS PROPERLY STRICKEN BY ORDER OF THE TRIAL COURT, AND APPELLANT FAILED TO RAISE A DISPUTED ISSUE OF MATERIAL FACT (RESPONSIVE TO APPELLANT'S ISSUES NO. 2 AND 3).

III.   STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.     SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

V.     ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# LIST OF AUTHORITIES

**CASES**                                                                  **PAGE**

***Borden, Inc. v. Price***, 939 S.W. 2d 247, 250
(Tex. App.-Amarillo 1997, writ denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

***Carter v. William Sommerville & Son, Inc.***,
584 S.W. 2d 274, 278 (Tex. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

***Haddock v. Arnspiger***,
793 S.W.2d 948, 950 (Tex. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

***Nguyen v. Woodley***,
273 S.W.3d 891 (Tex. App.-Houston [14th Dist.] 2008, no pet.). . . . . . . . . . . . . 9

***RT Realty, Ltd. v. Texas Utilities  Electric Company***,
181 S.W.3d 905, 915-916 (Tex. App.-Dallas 2006, no pet). . . . . . . . . . . . . . . . 16

***Saenz v. J. D. Rodriguez Produce and Trucking Co.***,
2000 WL 33225303 (Tex. App.-San Antonio 2000,
no pet.) (not designated for publication). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

***Wortham v. Dow Chemical Company***,
179 S.W.3rd 189, 202-203 (Tex. App.-Houston [14th Dist.], 2005, no pet.).  . . . 16

***Zavala v. Trujillo***,
883 S.W.2d 242, 245 (Tex.App.-El Paso 1994, writ denied). . . . . . . . . . . . . . . . 11

## STATUTES, RULES,  AND OTHER AUTHORITIES

Tex. Civ. Prac. & Rem. Code §41.001(11) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Tex. R. App. P. 38.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tex R. Civ. P., Rule 190.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. R. App. P. 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Tex. R. Civ. P 166a(i) ... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . 10

**CAUSE NO. 03-14-00819-CV**

---

**IN THE COURT OF APPEALS FOR THE THIRD COURT OF APPEALS DISTRICT OF TEXAS, AUSTIN, TEXAS**

---

**JUDY WEIRICH,**
Appellant

**VS.**

**IESI CORPORATION AND SOUTHSIDE WRECKER, INC.,**
Appellees

**ON APPEAL FROM THE 33RD JUDICIAL DISTRICT COURT OF BLANCO COUNTY, TEXAS CAUSE NO. CV07387**

---

**BRIEF OF APPELLEE IESI CORPORATION**

---

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS OF THE STATE OF TEXAS, AUSTIN, TEXAS:

NOW COMES IESI CORPORATION ("IESI"), Appellee, and files this its

Brief of Appellee, pursuant to and in accordance with Rule 38.2, Tex. R. App. P.; and

in support thereof would respectfully show this Honorable Court as follows:

1

# I.

## STATEMENT OF THE CASE

This is an appeal from a summary judgment in a "road hazard" case. Plaintiff/Appellant JUDY WEIRICH ("WEIRICH") alleges that she suffered both property damage to her automobile and bodily injury when a wheel came off a truck owned by IESI and struck her vehicle; the IESI truck was not in operation at the time, but was being towed by a wrecker owned by Co-Defendant/Co-Appellee SOUTHSIDE WRECKER, INC. ("SOUTHSIDE WRECKER"). The 424th Judicial District Court of Blanco County, Texas, the Honorable J. Allan Garrett presiding, entered a no-evidence summary judgment for IESI on November 12, 2014 and for SOUTHSIDE WRECKER on December 8, 2014. C.R., at 179-180, 183-185.

# II.

## ISSUES PRESENTED

ISSUE NO. 1: THIS HONORABLE COURT HAS JURISDICTION OVER THIS APPEAL (RESPONSIVE TO APPELLANT'S ISSUE NO. 1).

ISSUE NO. 2: THIS HONORABLE COURT DID NOT ERR IN GRANTING SUMMARY JUDGMENT, INASMUCH AS THE MOTION EMBRACED ALL CLAIMS AND CAUSES OF ACTION, APPELLANT'S PURPORTED SUMMARY JUDGMENT EVIDENCE WAS PROPERLY STRICKEN BY ORDER OF THE TRIAL COURT, AND APPELLANT FAILED TO RAISE A DISPUTED ISSUE OF MATERIAL FACT (RESPONSIVE TO APPELLANT'S ISSUES NO. 2 AND 3).

## III.

## STATEMENT OF FACTS

Plaintiff/Appellant WEIRICH filed her original petition in this cause on August 2, 2012, in which she alleged that on or about January 9, 2012 she was traveling through Johnson City, Texas on State Highway 290 near Town Creek when her vehicle was struck by a wheel that had detached from an IESI garbage truck being towed through town by SOUTHSIDE WRECKER. The impact, she alleged, totaled the 2002 Mazda which she was driving and further caused "severe personal injuries." C.R., at 4-5.

WEIRICH alleged that IESI failed to use ordinary care and prudence in properly maintaining its garbage truck "to assure that it was safe to travel on the highway", and that SOUTHSIDE WRECKER likewise failed to "properly inspect and assure that the IESI garbage truck that it was towing was safe on the highway"; the breach of these duties, she alleges, proximately caused her injuries. She further alleged that "SOUTHSIDE WRECKER was in the sole custody and control of the garbage truck at the time of the incident made the basis of this lawsuit." *Id.*, at 5.

Over the course of the next year and a half WEIRICH twice amended her petition, adding claims for gross negligence and exemplary damages against both IESI and SOUTHSIDE WRECKER. C.R., at 34-37, 47-51. She took no depositions, however, in support of any component of recovery. On July 14, 2014 IESI filed its second amended answer. C.R., at 84-87.

On August 22, 2014 IESI filed its no-evidence motion for summary judgment and for severance, one day after SOUTHSIDE WRECKER's filing of a similar motion. C.R., at 94-106, 107-126.

3

IESI moved for summary judgment on the basis of no evidence (1) that it owed a legal duty to WEIRICH under the undisputed facts, (2) that it breached any duty owed to WEIRICH, or (3) that any act or omission of IESI was the proximate cause of the accident made the basis of WEIRICH's suit; it further moved for summary judgment as to the claims of gross negligence accordingly, as well as on grounds that WEIRICH had no "clear and convincing" evidence that any act or omission of IESI amounted to gross negligence as defined under Texas law. C.R., at 111.

IESI pointed out that WEIRICH filed suit on August 2, 2012 (more than two years earlier), under Level 2 of Rule 190.3, Tex, R. Civ. P., pursuant to which—as established under Rule 190.3(b)(1) and the affidavit of Michael J. Clark, trial counsel of record for IESI—the discovery period ended more than eleven months earlier, on or about September 7, 2013. "Therefore, 'adequate time for discovery' has passed and [IESI] may present this no-evidence motion for summary judgment to the court." C.R., at 112, 120.

On October 17, 2014—one week prior to the hearing on Appellees' respective summary judgment motions—WEIRICH filed her response to those motions, as well as her Fourth Amended Original Petition. C.R., at 127-131, 132-139. Her amended petition was essentially identical to the most recent version of same, except that she added the following to her list of claims for various categories of damages (¶10): "In the alternative, Defendants are liable under the legal principles of negligence *per se* and *res ipsa loquitur*." C.R., at 129. In her response to the motions WEIRICH freely conceded that only her own deposition had been taken during the twenty-six months the case had been pending, but urged that there had not been an adequate time for discovery. C.R., at 132. (Note: WEIRICH has since abandoned this argument; she makes no complaint in her Appellant's Brief of there not having been an adequate time

4

for discovery.) In this response WEIRICH set forth several arguments as to why she felt summary judgment would be improper, but the fact that she had just amended her petition to add the foregoing allegation relating to negligence *per se* and *res ipsa loquitur* was not among these arguments. C.R., at 132-136.

WEIRICH's response included her own affidavit. She described in this affidavit the circumstances of the accident, which she said occurred on or about January 9, 2012 as she approached the intersection of Highway 90 and Main Street in Johnson City, Texas; her car was struck by the IESI garbage truck wheel/tire while she was near the traffic light at that intersection. She also stated in this affidavit as follows: "To date, no one who investigated the accident, including the Johnson City Police Department, has indicated that the cause of the wheel coming off was anything other than IESI failing to maintain its garbage truck and Southside failing to ensure that it safely transported the garbage truck." She stated that "[h]ad IESI properly maintained and inspected its garbage truck to ensure that all of its wheels were adequately attached, the accident would not have occurred." C.R., at 138.

Further included in WEIRICH's affidavit were the following two paragraphs:

...

4.    I am a reasonable person of reasonable intelligence. I am 61 years old. I have driven and maintained automobiles since I became licensed to drive at the age of 16 years. While the Defendants apparently do not realize or know, or at least claim to this Court that they do not realize or know, there is an extreme degree of risk in failing to provide the minimum maintenance to ensure that the wheels on an automobile are properly attached to the automobile as it travels on the Texas roads and Texas highways. There also involves an extreme degree of risk in failing to take the minimum steps to ensure that a vehicle you tow is safe to tow on the roads and highways. Minimally, one who tows a vehicle should make sure that the wheels are properly attached. This extreme degree of

5

risk is exacerbated when the motor vehicle is a large trash truck as the ones we generally see picking up trash from residences.

5.     IESI, as a trash disposal company, and Southside Wrecker as a towing company indeed have actual and subjective awareness of the extreme risk involved as discussed above but proceeded with conscious indifference to the rights, welfare, and safety of others, including but not limited to me.

...

C.R., at 139.

Both IESI and SOUTHSIDE WRECKER filed objections and motions to strike the summary judgment evidence of WEIRICH. IESI pointed out that the above referenced statements were conclusory and were not based on the personal knowledge of WEIRICH, or of any expertise in any way demonstrated by her. C.R., at 159-164. SOUTHSIDE WRECKER moved to strike WEIRICH's affidavit on similar grounds, and further pointed out, as indicated in IESI's summary judgment motion, that the discovery period had ended more than a year prior to the date (October 17, 2014) on which WEIRICH filed her response to the summary judgment motions and on which, for the first time, she claimed insufficient time for discovery. C.R., at 140-146.

By order dated November 12, 2014 the trial court sustained IESI's objections to the above-quoted portions of the WEIRICH affidavit and granted its motion to strike accordingly. In particular, the court sustained the objection to, and ordered stricken: the statement of WEIRICH that "no one who investigated the accident, including the Johnson City Police Department, has indicated that the cause of the wheel coming off was anything other than IESI failing to maintain its garbage truck and Southside failing to ensure that it safely transported the garbage truck"; the statement that "[h]ad IESI properly maintained and inspected its garbage truck to ensure that all of its wheels were adequately attached, the accident would not have occurred"; and

6

the entirety of the above quoted paragraphs 4 and 5 of the affidavit (relating to gross negligence/exemplary damages). C.R., at 176-178. By its further order of that same date, the trial court granted IESI's no-evidence summary judgment motion in its entirety, ordering the judgment severed from the remainder of the case and made "final for all purposes, having disposed of all claims by and between [IESI] and all parties. This is an appealable final judgment." C.R., at 179-180.

This appeal ensues.

## IV.

## SUMMARY OF THE ARGUMENT

Having invoked this Honorable Court's jurisdiction by filing a notice of appeal, WEIRICH now argues in her brief, for the first time, that the Court lacks "standing" to decide the appeal inasmuch as "the purported judgments do not dispose of all claims"—and alternatively that her affidavit, the only evidence attached to her response by which she attempts to raise a fact issue, succeeds in doing so because no one has ever told her that IESI is not at fault for the accident giving rise to her claims.

Though one scarcely knows where to begin, the reality is that except for the introductory sentences in which WEIRICH explains where she was and what she was doing when her car made contact with the loose wheel, there is not a single statement contained in her affidavit that is not a wishful speculation or an unfounded conclusion. The trial court correctly granted IESI's no-evidence summary judgment motion—there being no actual evidence to oppose it—and the trial court's judgment should be in all respects affirmed.

7

## V.

## ARGUMENT AND AUTHORITIES

ISSUE NO. 1 RESTATED: THIS HONORABLE COURT HAS JURISDICTION OVER THIS APPEAL (RESPONSIVE TO APPELLANT'S ISSUE NO. 1).

WEIRICH urges that because she filed her Fourth Amended Original Petition seven days prior to the hearing on the summary judgment motions, and that that pleading raised "additional theories of recovery" (i.e., negligence *per se* and *res ipsa loquitur*) not addressed in the summary judgment motions, this Honorable Court lacks "standing" to hear the case and thus it should be remanded to the trial court. Appellant's Brief, at 5-6.

WEIRICH seems to conflate, and confuse, the scope of the summary judgment motions with the jurisdiction of the trial court to render final judgment thereon. (How and why WEIRICH considers this to relate to her notion of "standing" is not clear.)

The trial court's judgment stated clearly and succinctly that IESI's summary judgment motion was granted, and that WEIRICH take nothing by way of her suit against IESI. The trial court further decreed that that judgment be severed from the remainder of the case such that it "is final for all purposes, having disposed of all claims by and between [IESI] and all parties. This is an appealable final judgment." C.R., at 179.

8

The Fourteenth Court of Appeals stated the point succinctly and well in the case of ***Nguyen v. Woodley***, 273 S.W.3d 891 (Tex. App.-Houston [14th Dist.] 2008, no pet.) as follows:

> As a general rule, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment issued without a conventional trial is final only if it either actually disposes of all claims and parties before the court, or it states with unmistakable clarity that it is a final judgment. *See id*. at 200. In the case at bar, the December 10, 2007 "Final Summary Judgment" is a final, appealable judgment [that] expressly disposes of all claims and all parties, stating with unmistakable clarity that it is a final judgment, i.e., it expressly states that it disposes of all parties and claims and is final and appealable.

*Nguyen*, at 896. That is precisely what we have here: a judgment in a severed action which expressly and unequivocally disposes of *all* claims by and between WEIRICH and IESI, *and* which states "with unmistakable clarity" that it is a final and appealable judgment.

That being the case, this Honorable Court clearly has jurisdiction to review this final judgment on appeal. It remains only for this Court to determine whether the trial court acted correctly in rendering it.

> ISSUE NO. 2 RESTATED: THIS HONORABLE COURT DID NOT ERR IN GRANTING SUMMARY JUDGMENT, INASMUCH AS THE MOTION EMBRACED ALL CLAIMS AND CAUSES OF ACTION, APPELLANT'S PURPORTED SUMMARY JUDGMENT EVIDENCE WAS PROPERLY STRICKEN BY ORDER OF THE TRIAL COURT, AND APPELLANT FAILED TO RAISE A DISPUTED ISSUE

9

OF MATERIAL FACT (RESPONSIVE TO APPELLANT'S ISSUES NO. 2 AND 3).

A. *Plaintiffs' Fourth Amended Original Petition adds no new claims or causes of action.*

WEIRICH suggests - in addition to her "standing" argument - that summary judgment was improper in that Appellees' respective summary judgment motions did not address her newly pled allegations relating to negligence *per se* and *res ipsa loquitur* (as set forth *supra*). Appellant's Brief, at 6. This argument is meritless.

After an adequate time for discovery, a party may move for summary judgment

> on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

Rule 166a(i), Tex. R. Civ. P.

Again, IESI moved for summary judgment under Rule 166a(i), as to all negligence claims against it by WEIRICH, " because [WEIRICH] has no evidence that IESI *owed* a legal duty to Plaintiff under the facts of this case, IESI *breached* any duty owed to Plaintiff, or that IESI's conduct or omissions were the *proximate cause* of the accident in question" (C.R., at 113) (emphasis added)—and moved for summary judgment as well on the gross negligence claims because, in addition, WEIRICH "has no 'clear and convincing' evidence that IESI's conduct arises to the level of 'gross

10

negligence' as defined in Tex. Civ. Prac. & Rem. Code §41.001(11)." C.R., at 111, 113.

"Negligence *per se*" is not a cause of action separate and independent from a common law negligence action. *Zavala v. Trujillo*, 883 S.W.2d 242, 245 (Tex. App.-El Paso 1994, writ denied). It is, rather, a tort concept whereby a legislatively imposed standard of conduct is adopted by the civil courts as defining the conduct of a reasonably prudent person. *Carter v. William Sommerville & Son, Inc.*, 584 SW2d 274, 278 (Tex. 1979); *Borden, Inc. v. Price*, 939 SW2d 247, 250 (Tex. App.-Amarillo 1997, writ denied). *See also*, *Saenz v. J. D. Rodriguez Produce and Trucking Co.*, 2000 WL 33225303 (Tex. App.-San Antonio 2000, no pet.) (not designated for publication), at *2-*3.

So it is, too, with *res ipsa loquitur*, which is simply a rule of evidence by which negligence may be inferred by the jury, and *not* a separate cause of action from negligence. *Haddock v. Arnspiger*, 793 SW2d 948, 950 (Tex. 1990); *Saenz*, *supra*, at *3.

Indeed, *Saenz* is particularly instructive. In that case the appellant argued that the appellee "failed to amend his motion for summary judgment after Saenz amended his original petition to include . . . additional claims of negligence *and negligence per*

11

*se, res ipsa loquitur*, negligent entrustment and malice . . ." **Saenz,** at *2 (emphasis added) The San Antonio Court of Appeals took a dim view of this argument:

> Rodriguez's motion specifically challenged the element of proximate causation as to each of Saenz's negligent claims. *Rodriguez was not required to amend his motion in response to the amended petition because the added negligence claims and the negligent entrustment claim contained the same element of proximate causation that was previously challenged.* Therefore, Saenz was required to introduce evidence of proximate causation as to each of his negligence claims, including the negligent entrustment claim, in order to avoid summary judgment.
>
> Saenz's reliance on his first amended pleadings instead of bringing forward the requisite evidence on proximate causation was an attempt to avoid the effect of the no-evidence summary judgment rule [citing *Lampasas v. Spring Center, Inc.* 988 SW2d 248, 436 (Tex. App.-Houston [14th Dist.] 1999, no pet.)]. Based on the facts before us, the amended petition merely reiterates the same essential elements of negligence (duty, breach and causation) in another fashion, and the motion for summary judgment adequately covered these new variations. *See id.* at 437. Accordingly, we overrule issues one and two.

*Id.* (emphasis added).

WEIRICH, in her amended pleading, effectively added no new claim or cause of action; at most she attached new theories of liability to the common law negligence/gross negligence claims she had already pled. It was still incumbent upon her to produce competent and admissible summary judgment evidence in support of

the challenged elements of her claim—and, as further discussed *infra*, she failed utterly to do so.

It should further be noted that, with respect to the *res ipsa loquitur* allegation, WEIRICH herself acknowledges freely that the elements of this theory of recovery are that (1) the injury would not have occurred in the absence of negligence, and (2) the injury-causing instrumentality was under the sole possession and control of the Defendant. Appellant's Brief, at 6. *WEIRICH specifically and expressly avers—both in her Fourth Amended Original Petition and in her Appellant's Brief—that SOUTHSIDE WRECKER was in the sole custody and control of the IESI truck at the time of the incident made the basis of this action.* C.R., at 127, 128 ("Southside Wrecker was in the sole custody and control of the garbage truck at the time of the incident made the basis of this lawsuit"); Appellant's Brief, at 6 ("[T]he IESI garbage truck was under the sole possession and control of Southside Wrecker at the time of the incident"). These judicial admissions confirm, as a matter of law, that WEIRICH would be precluded from relying on the doctrine of *res ipsa loquitur* as against IESI in any event.

> B. *WEIRICH's purported summary judgment evidence was properly stricken by the trial court, and no other evidence raised a material fact issue.*

WEIRICH points out in her brief, correctly, that "affidavits are routinely recognized as competent summary judgment evidence". Appellant's Brief, at 7. Indeed so—provided, of course, the affidavits comply with the requirements of Rule 166a and particularly of Rule 166a(f) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated... .") And therein lies the rub: WEIRICH, in her brief, does not even attempt to explain how she had knowledge of the key portions of her affidavit.

For example: "Had IESI properly maintained and inspected its garbage truck to insure that all of its wheels were adequately attached, the accident would not have occurred." C.R., at 138. WEIRICH, of course, cannot and does not demonstrate how she is qualified to make that statement. Did the wheel come off because the truck had been "improperly" maintained and inspected in the past? Did it come off because it was damaged in the earlier accident that caused SOUTHSIDE WRECKER to be retained in the first place to tow the truck through Johnson City? Did it come off because, unbeknownst to IESI, the bolts that had been used to fasten it were defective as received from the manufacturer? Or—the truck having been properly inspected and maintained, no damage to the wheel having occurred in the earlier accident, and the bolts being good and serviceable parts—did it come off because it was sabotaged by

14

a person or persons unknown between the time the truck was disabled and the time the truck was secured for towing by SOUTHSIDE WRECKER? WEIRICH does not know the answers to these questions because, during the more than two years the case had been pending before the summary judgment motions were heard, she never bothered to conduct any discovery to attempt to answer them.

WEIRICH does not claim to be, and is not in fact, a qualified expert in the repair and maintenance of large trucks, or specifically as to large truck wheels and tires. Whether and to what extent any act or omission of IESI caused or contributed to cause the accident is a matter of pure speculation on this record. The wholly unsupported (and wholly speculative) conclusion of WEIRICH, to the effect that the wheel came loose because IESI failed to maintain or inspect it, is not competent summary judgment evidence under Rule 166a(f); any suggestion that the trial court erred or abused its discretion in striking that statement is not only meritless but specious.

Even less valid than that stricken statement is the one which immediately precedes it in WEIRICH's affidavit: "To date, no one who investigated the accident, including the Johnson City Police Department, has indicated that the cause of the wheel coming off was anything other than IESI failing to maintain its garbage truck and Southside Wrecker failing to insure that it safely transported the garbage truck." C.R.,

at 138. It would have been every bit as truthful—and every bit as relevant—for WEIRICH to have stated that no one has ever told her that the cause of the accident was anything other than the wheel having been loosened by gremlins. WEIRICH's statement is nothing more than her legal position as to the cause of the accident as stated in her pleadings; *it is not evidence, or anything resembling evidence, of either breach of duty or causation*. WEIRICH simply failed to sustain her burden of raising a genuine issue of material fact under Rule 166a(i).[1]

It is axiomatic, of course, that where there is no evidence to raise a fact issue as to a claim of negligence, a claim of gross negligence is invalid as a matter of law. *See, e.g.,* ***RT Realty, Ltd. v. Texas Utilities Electric Company***, 181 S.W.3d 905, 915-916 (Tex. App.-Dallas 2006, no pet); ***Wortham v. Dow Chemical Company***, 179 S.W.3rd 189, 202-203 (Tex. App.-Houston [14th Dist.], 2005, no pet.). So it is here with WEIRICH's gross negligence claim. Moreover, the trial court acted correctly and within its discretion in striking WEIRICH's "gross negligence" paragraphs, those being paragraphs 4 and 5 of her affidavit, for the reasons already discussed. Once again, WEIRICH has failed to show herself an expert—or to provide

---

[1]For purposes of this appeal we need not discuss the hypothetical situation of whether an accident report of the Johnson City Police Department would have been competent and admissible summary judgment evidence, since WEIRICH did not submit such a report, or any other investigative report, as part of her summary judgment response.

any foundation or basis whatsoever for her purported knowledge—with respect to what "actual and subjective awareness" IESI had regarding the "extreme risk" of towing a vehicle whose wheel might or might not have been recently inspected (she doesn't know), might or might not have been recently maintained (she isn't sure), might or might not have been damaged (she'd have to speculate), and might or might not have been tampered with anonymously (one of the "unknown unknowns"). For WEIRICH even to describe such statements as are contained in paragraphs 4 and 5 of her affidavit—or, indeed, in any of the stricken portions of her affidavit—as "summary judgment evidence" borders on sanctionable.

## CONCLUSION

In view of the foregoing, the trial court acted correctly in striking WEIRICH'S "summary judgment evidence" and in granting a no-evidence summary judgment in favor of IESI (and, for that matter, in granting summary judgment for SOUTHSIDE WRECKER as well). That judgment in favor of IESI is correct and complete as entered, and IESI respectfully submits that it should be in all respects affirmed.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, IESI respectfully prays that the judgment of the trial court in its favor dated November 12, 2014, be in all respects affirmed; and for such other and further relief, at law or in equity, to which IESI might show itself justly entitled.

17

Respectfully submitted,

THORNTON, BIECHLIN, SEGRATO,
 REYNOLDS & GUERRA, L.C.
100 N.E. Loop 410, Suite 500
San Antonio, TX 78216
Telephone: 210/342-5555
Telecopier: 210/525-0666


By:   /s/ Vaughan E. Waters
        Vaughan E. Waters
        State Bar No. 20916700
        ATTORNEYS FOR APPELLEE IESI
        CORPORATION

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9, Tex. R. App. P., the undersigned certifies that:

A.    Brief of Appellee contains 4,068 words.

B.    Brief of Appellee has been prepared in proportionally spaced typeface using Word Perfect in Times New Roman 14 point.


      /s/ Vaughan E. Waters
        Vaughan E. Waters

18

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Appellee's Brief has been forwarded to the following this 16th day of June, 2015.

Mr. Zachary P. Hudler                    *VIA FACSIMILE TO 830/868-7636*
Zachary P. Hudler, PC
P.O. Box 1728
Johnson City, TX 78636
*Attorneys for Appellant*

Mr. George J. Petras                     *VIA FACSIMILE TO 512/334-9709*
The Petras Law Firm
1504 San Antonio St.
Austin, TX 78701
*Attorneys for Southside Wrecker, Inc.*

/s/ Vaughan E. Waters
Vaughan E. Waters

# APPENDIX 1

WestlawNext™

**Saenz v. J.D. Rodriguez Produce & Trucking Co.**
Court of Appeals of Texas, San Antonio.   December 29, 2000   Not Reported in S.W.3d   2000 WL 33225303   *(Approx. 6 pages)*

2000 WL 33225303
Only the Westlaw citation is currently available.

NOTICE: NOT DESIGNATED FOR PUBLICATION. UNDER TX R RAP RULE 47.7,
UNPUBLISHED OPINIONS HAVE NO PRECEDENTIAL VALUE BUT MAY BE CITED
WITH THE NOTATION "(not designated for publication)."

Court of Appeals of Texas, San Antonio.

Emeterio SAENZ, Appellant,

v.

J.D. RODRIGUEZ PRODUCE AND TRUCKING COMPANY and John D.
Rodriguez, Appellees.

No. 04-99-00867-CV.   Dec. 29, 2000.

From the 224th Judicial District Court, Bexar County, Texas, Trial Court No. 98-CI-09011;
David A. Berchelmann, Jr., Judge Presiding.

RICKHOFF, LÓPEZ and DUNCAN, JJ.

### Opinion

LÓPEZ.

*\*1* Emeterio Saenz appeals the trial court's summary judgment granted in favor of J.D.
Rodriguez Produce and Trucking Company and John D. Rodriguez ("Rodriguez"). Saenz
sued Rodriguez alleging negligence, res ipsa loquitur, negligent entrustment, and malice
(gross negligence). On appeal, Saenz complains that the trial court erred in granting the
summary judgment. We affirm the judgment of the trial court.

### Factual and Procedural Background

On February 13, 1997, Saenz was driving a tractor-trailer owned by Rodriguez from
Colorado with a load of potatoes. Joe Colunga was a co-driver with Saenz. Saenz was
not an employee of Rodriguez, but worked as an independent contractor for J.D.
Rodriguez Produce and Trucking, a sole proprietorship owned by Rodriguez. Saenz
stopped the tractor-trailer on the improved shoulder of a downhill section of Interstate
Highway 10 ("IH-10") just north of Boerne, Texas. At the time Saenz stopped the truck,
Colunga was asleep in the cab of the truck. After Saenz stepped down from the truck, it
started to roll. Saenz attempted to get back into the truck cab, but slipped off the running
board. Saenz fell to the pavement and the rear wheels of the tractor ran over his legs.
EMS treated Saenz at the scene and transported him to University Hospital. After he was
discharged from the hospital, Saenz developed an infection in his left leg. As a result, his
leg was ultimately amputated. Saenz also broke his right leg, and inflicted severe injuries
to his right foot, left shoulder, left arm and body in general.

On June 17, 1998, Saenz filed his lawsuit against Rodriguez alleging negligence,
negligence per se in violation of the Federal Motor Carrier Safety Regulations
("FMCSR"), and malice (gross negligence). On July 27, 1999, Rodriguez filed a no-
evidence motion for summary judgment. On August 16, 1999, Saenz filed a first
amended original petition alleging additional negligence and negligence per se claims,
res ipsa loquitur, and that Rodriguez negligently entrusted the truck to Colunga. On
August 31, 1999, the trial court granted Rodriguez's no-evidence motion as to the entire
case. On November 12, 1999, the trial court denied Saenz's amended motion to set
aside the no-evidence summary judgment order and request for leave to open summary
judgment evidence for reconsideration; or alternatively, a motion for new trial. On appeal,
Saenz complains that the trial court erred in granting a no-evidence summary judgment
in Rodriguez's favor because Rodriguez's conclusory motion did not address each claim
in his petition and there was more than a scintilla of evidence to support each and every
claim.

### Standard of Review

We review a summary judgment de novo. *See Gonzales v. American Postal Workers*

---

### SELECTED TOPICS

Appeal and Error

  Review

    De Novo Trial Court Grant of Summary
    Judgment

**Secondary Sources**

**§ 18:15.Necessity to respond**

3 McDonald & Carlson Tex. Civ. Prac. § 18:15
(2d. ed.)

...Traditionally, Texas has adhered to the
notion that summary judgment should not
come by way of default, even if the
nonmovant does not file a response. Rather, a
summary judgment is based on the propri...

**CIVIL PROCEDURE AND DISCOVERY
UPDATE**

38 The Advoc. (Texas) 1

...C1-3TABLE OF CONTENTS I.
INTRODUCTION. 1 II. CIVIL PROCEDURE
UPDATE. 1 A. ATTORNEY IN CHARGE. 1 B.
CITATION. 1 C. CONTINUANCE. 3 D.
DEFAULT JUDGMENT. 4 E. DISMISSAL. 5
F. FINAL JUDGMENT. 5 G. JUROR C...

**SUMMARY JUDGMENTS IN TEXAS:
STATE AND FEDERAL PRACTICE**

52 Hous. L. Rev. 773

...Introduction. 777 Part 1: State Summary
Judgment Practice. 779 I. Procedure. 779
A. Motion for Summary Judgment. 779   1.
General Requirements and Uses. 780   2.
Traditional Motion for Summary Ju...

See More Secondary Sources

**Briefs**

**Brief of Appellee Joe McKay**

2011 WL 1688722
Robert GREEN and Marilyn Green,
Appellants, v. Joe MCKAY, Appellee.
Court of Appeals of Texas, Dallas.
March 18, 2011

...One of the Defendant's counsel in this
matter, Michele Sheets, is married to State
Representative Kenneth Sheets. The
daughter-in-law of Justice Douglas S. Lang is
a member of Representative Sheets's s...

**Appellants' Brief**             **2**

2013 WL 5973844
KATY VENTURE, LTD. and Katy
Management, L.L.C., Appellants, v.
CREMONA BISTRO CORP., Appellee.
Court of Appeals of Texas, Dallas.
July 05, 2013

...FN2. Katy presents a unified statement of
the case and of facts, because the case was
disposed on summary judgment and the
underlying facts were primarily developed
through affidavits and documents tha...

**Brief of Appellee**

2013 WL 5973845
KATY VENTURE, LTD. and Katy
Management, L.L.C., Appellants, v.
CREMONA BISTRO CORP., Appellee.
Court of Appeals of Texas, Dallas.
August 02, 2013

...FN1. The Katy Entities combined the
Statement of the Case and Statement of Facts
in their brief into one section and, accordingly,
in responding to same herein Appellee
Cremona similarly combines those...

See More Briefs

**Trial Court Documents**

**LONGHORN LANDSCAPE SER**

*Union, AFL CIO*, 948 S.W.2d 794, 797 (Tex.App.-San Antonio 1997, writ denied). A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *See Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex.App.-San Antonio 1998, no pet.). We review the evidence in the light most favorable to the respondent against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *See Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997); *Moore*, 981 S.W.2d at 269.A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *See*TEX.R.CIV.P. 166a(i); *see also Havner*, 953 S.W.2d at 711; *Moore*, 981 S.W.2d at 269.Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *See Gomez v. Tri City Community Hosp., Ltd.*, 4 S.W.3d 281, 283 (Tex.App.-San Antonio 1999, no pet.); *Moore*, 981 S.W.2d at 269.More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *See Gomez*, 4 S.W.3d at 283; *Moore*, 981 S.W.2d at 269.

**\*2** When reviewing a summary judgment granted on general grounds, this court considers whether any theories asserted by the summary judgment movant will support the summary judgment. *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *See id.*

### Discussion

In his first and second issues, Saenz complains that the trial court erred in granting summary judgment because the trial court granted judgment on claims not addressed in the summary judgment motion. Specifically, Saenz argues that Rodriguez failed to amend his motion for summary judgment after Saenz amended his original petition to include additional negligence claims. Saenz's first amended original petition alleged additional claims of negligence and negligence per se, [1] res ipsa loquitur, negligent entrustment, and malice. In his motion for summary judgment, Rodriguez addressed Saenz's malice claim, some of Saenz's negligence and negligence per se claims, [2] and failed to address Saenz's negligent entrustment claim. Accordingly, Saenz contends that summary judgment should be reversed on each specific negligence and negligent entrustment claim that Rodriguez failed to address in his motion.

A no-evidence motion for summary judgment must specify the elements of the plaintiff's claim as to which there is no evidence. *See*TEX.R.CIV.P. 166a(i); *Lampasas v. Spring Center, Inc.*, 988 S.W.2d 428, 436 (Tex.App.-Houston [14 th Dist.] 1999, no pet.). This, in turn, shifts the burden on the nonmovant to come forward with some evidence of the essential element or elements challenged in the motion. *See Lampasas*, 988 S.W.2d at 436.If the nonmovant does not, then the trial court must grant the no-evidence motion for summary judgment covering all the claims or defenses composed of the element or elements that were specifically challenged. *See*TEX.R.CIV.P. 166a(i); *Lampasas*, 988 S.W.2d at 436.

Rodriguez's motion specifically challenged the element of proximate causation as to each of Saenz's negligent claims. Rodriguez was not required to amend his motion in response to the amended petition because the added negligence claims and the negligent entrustment claim contained the same element of proximate causation that was previously challenged. Therefore, Saenz was required to introduce evidence of proximate causation as to each of his negligence claims, including the negligent entrustment claim, in order to avoid summary judgment.

Saenz's reliance on his first amended pleadings instead of bringing forward the requisite evidence on proximate causation was an attempt to avoid the effect of the no-evidence summary judgment rule. *See Lampasas*, 988 S.W.2d at 436.Based on the facts before us, the amended petition merely reiterates the same essential elements of negligence (duty, breach and causation) in another fashion, and the motion for summary judgment adequately covered these new variations. *See id.* at 437.Accordingly, we overrule issues one and two.

**\*3** In his third issue, Saenz complains that the trial court erred in granting summary judgment because there was more than a scintilla of evidence to support each and every claim that he asserted. In response, Rodriguez contends that Saenz failed to produce

**INC., v. CHRISTIAN DEAL.**

2001 WL 35836992
LONGHORN LANDSCAPE SERVICES, INC., v. CHRISTIAN DEAL.
District Court of Texas, Harris County
May 08, 2001

...Plaintiff, Longhorn Landscape Services, Inc., files this Response to Defendant's Motion For Partial Summary Judgment and in response would show: The Defendant files his Motion based upon Texas Business...

**Estate of W. A. WHITMIRE, Dec**

2005 WL 4858245
Estate of W. A, WHITMIRE, Deceas...
District Court of Texas, McMullen County
August 10, 2005

...BE IT REMEMBERED that on this day came on before this Court for consideration of Bessie Mae Whitmire's ("Proponent" of the January 9, 2001 Will) Motion for Summary Judgment under Rule 166a(i) of Texas ...

**Cynthia TATUM, Individually, ar Behalf of All Others Similarly S Plaintiff, v. JMC HOMES, INC. a Mortgage Company, Ltd., Defer........**

2001 WL 35926755
Cynthia TATUM, Individually, and on Behalf of All Others Similarly Situated, Plaintiff, v. JMC HOMES, INC. and JMC Mortgage Company, Ltd., Defendants.
District Court of Texas, Harris County
April 30, 2001

...Plaintiff Cynthia Tatum, Individually and on Behalf of All Others Similarly Situated, files this response to Defendant JMC Homes, Inc.'s ("JMC") "no-evidence" motion for partial summary judgment, and s...

See More Trial Court Documents

competent summary judgment evidence on proximate cause, an essential element of his recovery.

The elements for negligence include: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from that breach. *See Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). Although Rodriguez addressed negligence per se separately in his motion for summary judgment, negligence per se is not a cause of action separate and independent from a common law negligence action. *See Zavala v. Trujillo*, 883 S.W.2d 242, 245 (Tex.App.-El Paso 1994, writ denied). Negligence per se is a tort concept whereby a legislatively imposed standard of conduct is adopted by the civil courts as defining the conduct of a reasonably prudent person. *See Carter v. William Sommerville and Son, Inc.*, 584 S.W.2d 274, 278 (Tex.1979); *Borden, Inc. v. Price*, 939 S.W.2d 247, 250 (Tex.App.-Amarillo 1997, writ denied). The unexcused violation of a statute constitutes negligence as a matter of law if such statute was designed to prevent injury to the class of persons to which the injured party belongs. *See Moughon v. Wolf*, 576 S.W.2d 603, 604 (Tex.1978); *Ward v. Northeast Texas Farmers Co-op. Elevator*, 909 S.W.2d 143, 147 (Tex.App.-Texarkana 1995, writ denied). The trial court merely has the fact finder decide if the tortfeasor committed the act proscribed by the statute and if the act proximately caused injury. *See Borden*, 939 S.W.2d at 250.

Res ipsa loquitur, meaning "the thing speaks for itself," is used only in certain limited cases where the circumstances surrounding the accident constitute sufficient circumstantial evidence of the defendant's negligence to support such a finding. *See Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex.1990); *Schorlemer v. Reyes*, 974 S.W.2d 141, 145 (Tex.App.-San Antonio 1998, pet. denied). Specifically, res ipsa loquitur applies only when two factors are present: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant. *See Haddock*, 793 S.W.2d at 950; *Schorlemer*, 974 S.W.2d at 145.Furthermore, the likelihood of other causes does not have to be completely ruled out, but their likelihood must be "so reduced that the jury can reasonably find by a preponderance of the evidence that the negligence, if any, lies at the defendant's door."*See Schorlemer*, 974 S.W.2d at 145.Accordingly, res ipsa loquitur is simply a rule of evidence by which negligence may be inferred by the jury; it is not a separate cause of action from negligence. *See Haddock*, 793 S.W.2d at 950.

*\*4* The elements of negligent entrustment are: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident. *See Frito Lay, Inc. v.. Queen*, 873 S.W.2d 85, 86 (Tex.App.-San Antonio 1994, writ denied). Implicit in this criteria is that the driver to whom the vehicle was entrusted was the same driver who proximately caused the accident. *See id.*

Malice or gross negligence includes two elements: (1) viewed objectively from the actor's standpoint, the act or omission must involve an extreme degree of risk, considering the probability and the magnitude of the potential harm to others, and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others. *See*TEX.CIV.PRAC. & REM.CODE ANN . § 41.001(7)(B) (Vernon 1997); *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex.1998). Evidence of simple negligence is not enough to prove either the objective or subjective elements of gross negligence. *See Ellender*, 968 S.W.2d at 921.

In the instant case, Saenz argues that his summary judgment proof brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. Saenz's summary judgment proof consists of the following: (1) Saenz's affidavit and non-stenographic deposition; (2) Rodriguez's responses and objections to Saenz's first set of interrogatories, requests for production and requests for admissions; (3) an insurance endorsement; and (4) Rodriguez's oral/video deposition testimony.

Initially, Saenz offered his affidavit and his non-stenographic deposition as summary judgment proof. In his affidavit, Saenz contended that Rodriguez owned a for-hire trucking company that would deliver and pick up goods both inside and outside the United States. Saenz drove routes for Rodriguez. In the middle of February 1997, Rodriguez asked Saenz if he would pick up goods from the valley, pick up Joe Colunga and, together, go to the state of Colorado, deliver goods, and take back a shipment of

goods to San Antonio, Texas. Saenz claimed that Rodriguez never wanted to pay for permits and Saenz understood that he and Colunga were only supposed to drive evenings to avoid weigh stations and permit checks. Furthermore, Saenz asserted that at one time Colunga was a capable driver, but by the time he began working for Rodriguez, Colunga was a substance abuser and had difficulty making the routes on his own. Colunga had some physical difficulties that might have been associated with drug abuse. Rodriguez rarely assigned Colunga his own long routes, and instead would make another driver travel with Colunga. Saenz asserted that the truck he and Colunga drove had already been in service a number of years before Rodriguez purchased it. The truck did not have a working gas gauge, and the only way to determine how much fuel was in the tank was by guesswork or by opening the tank and shining a flashlight or inserting a dipstick. Saenz contended that Rodriguez told him that he was going to sell the truck immediately after they completed their haul in February 1997. Saenz understood that Rodriguez did not want him to turn the truck in with a full tank of fuel, but instead, wanted him to bring the truck in almost empty so Rodriguez could "save a few bucks."

*5 In addition, Saenz described the accident and explained that he stopped the truck thirty miles or so outside of San Antonio on IH-10 West. Saenz put on the brakes for both the tractor and trailer. Saenz got out of the truck to check the amount of gasoline in the tank because he was not sure he had enough left to get him to San Antonio. Saenz exited the truck and checked all the tires and the level of fuel. Saenz claimed he needed to use the restroom so he urinated next to the truck, in between the passenger area and the trailer. Suddenly, the truck started to roll forward. Saenz yelled to Colunga and tried to jump up onto the running board of the passenger side so he could get Colunga's attention or stop the truck himself. Saenz missed the running board and landed on his back. Two outside tires ran over Saenz's legs causing permanent crippling to one leg and an eventual amputation of the other. Saenz stated that he was outside the truck and did not know exactly why the truck rolled forward. Colunga later died in 1998.

Saenz's deposition testimony appears to be contradictory. Saenz claimed, on one hand, that the brakes on the truck were "okay," and that he did not complain to Rodriguez about any safety features on the truck. Later in the deposition, Saenz testified that he told Rodriguez that the brakes on the truck were "no good."

Secondly, Saenz offered Rodriguez's discovery responses and admissions as summary judgment proof. Rodriguez's discovery responses and admissions reflected that he had not been involved in prior incidents that were similar to this case. Rodriguez claimed that the truck in question was inspected annually for its safety sticker and routine maintenance was performed approximately every 10,000 miles. Not only were tires inspected before every trip, but drivers were expected to report any tire or other problems which occurred during a trip and make arrangements for repairs as needed. In addition, Rodriguez purchased the truck in 1995 and then sold it in 1997. Rodriguez stated that his policy regarding the operational speeds of his vehicles was that contract drivers were expected to obey traffic laws and were responsible for any tickets received during a trip. Contract drivers were compensated by receiving a commission based on a percentage of the load paid. Moreover, Rodriguez failed to produce: (1) documentation of insurance policies or indemnification agreements; (2) documents regarding the truck for five years prior to the incident, including any maintenance records, repair records, repair bills, invoices, work orders, maintenance checks, condition checklists, complaints, or receipts; (3) log books (4) records of personnel matters, including driving history, drug tests, supervisor evaluations, incident or accident reports, and truck records and Department of Transportation records; (5) and a report on the accident from Saenz.

Next, Saenz offered an insurance endorsement as summary judgment proof. The endorsement, however, indicated a surcharge for non-receipt of a mechanical inspection dated July 25, 1996. The document bears the notation "null and void" and does not appear to be linked in any way to the truck in question.

*6 Finally, Saenz offered Rodriguez's video deposition testimony as summary judgment proof. In his deposition, Rodriguez testified J.D. Rodriguez Produce & Trucking Company was a sole proprietorship that had been in operation for thirty years as a trucking business, and that he owned the truck that was involved in the accident. Rodriguez claimed that he did not have the truck's maintenance records and did not keep copies of the driver's log books. Rodriguez acknowledged that the federal regulations which applied to tractor trailers in February 1997 also applied to his company. Rodriguez never conducted yearly reviews of driving records with state agencies nor did he have a system of training drivers on his rigs.

According to Rodriguez, Saenz was an independent contractor who, in turn, independently hired Colunga to go with him on trips. Colunga was operating Rodriguez's trucks with Rodriguez's express permission. Rodriguez never gave Colunga a driving test. Rodriguez knew Colunga had a valid commercial driver's license, but did not remember ever seeing it. Rodriguez never checked with the Department of Public Safety to determine if Colunga ever had his driver's license suspended or revoked. Rodriguez knew that Colunga was rumored to have taken drugs. Rodriguez had no formal company drug policy nor did he send drivers to take drug tests. However, Rodriguez had asked drivers if they had been using drugs.

Rodriguez further testified that Saenz had been driving for him for more than five years and was his best driver. According to Rodriguez, Saenz did not have a valid commercial driver's license and that was why Saenz took Colunga on trips because Colunga had a driver's license. Rodriguez claimed that under normal conditions, when a driver stopped on the side of the road to check the truck's tires, the driver would put on the brakes by pulling out two buttons, which was the emergency brake. In this case, Saenz told Rodriguez that he did not pull the emergency brake buttons, but instead pulled the trailer brake handle located under the steering wheel. A trailer brake handle is not normally used for parking, but instead, used for driving conditions, like ice or snow or driving down hill on a mountain pass. Rodriguez claimed that trucks would not move if the emergency brake was pulled. Rodriguez also understood that Colunga was asleep in the cab at the time of Saenz's accident.

In addition, Rodriguez claimed that the first time he found out that the fuel gauge was not working on the truck was when he found out about the accident. Rodriguez asserted that he had never encouraged his drivers to drive at night instead of in the daytime. Saenz used to like to drive at night because he did not have a driver's license.

Saenz asserts that his affidavit evidence shows a reasonable inference that either Colunga released the brake or the brakes failed. Saenz argues that there is more than a scintilla of evidence to show that Rodriguez failed to properly maintain and inspect his trucks because Rodriguez lacked maintenance records. In addition, Saenz contends that the evidence shows that Rodriguez violated several of the provisions of the Federal Motor Carrier Safety Regulations and that such violations are negligence per se. Saenz argues that Rodriguez was negligent in hiring, training, supervising, and testing his drivers. Furthermore, Saenz asserts that his affidavit raises genuine issues of material fact regarding malice or gross negligence because it offers more than a scintilla of evidence of conscious or knowing disregard for the rights, welfare and safety of others.

*7 Despite Saenz's arguments, after reviewing all of Saenz's summary judgment evidence, we find that there is no evidence that Rodriguez proximately caused this accident. Saenz's argument that his summary judgment evidence raised a reasonable inference that either the brakes failed or Colunga released the brakes is merely suspicion and speculation. Saenz's summary judgment evidence fails to offer even a scintilla of evidence that acts or omissions of Rodriguez proximately caused the trailer to roll or proximately caused Saenz to slip when he tried to jump back in the tractor cab. There is no connection between Rodriguez's lack of maintenance records and the truck rolling.

In addition, even if the alleged violations of the Federal Motor Carrier Safety Regulations are true, this does not defeat the no-evidence summary judgment. Since proximate cause is an essential element of negligence per se, Saenz must show by competent evidence that the violations of the statute proximately caused the truck to roll. *See Borden*, 939 S.W.2d at 250; *Yap v. ANR Freight Systems, Inc.*, 789 S.W.2d 424, 427 (Tex.App.-Houston [1st Dist.] 1990, no writ). Even if Rodriguez's deposition testimony contained admissions of violations of any regulations, Saenz failed to connect the violations with the truck Saenz was driving or point out any evidence in this record that establishes how the violations are proof that some act or omission of Rodriguez proximately caused the truck to roll. Saenz failed to make any plausible connection between Colunga's problems, the lack of documents and the alleged violations and conduct of Rodriguez upon which to conclude there was even a scintilla of evidence that Rodriguez proximately caused the accident.

Finally, there is no evidence to support Saenz's malice claim for exemplary damages. Because Saenz failed to produce even a scintilla of evidence that Rodriguez proximately caused the accident on his negligence claims, there is not enough evidence to prove either the objective or subjective elements of gross negligence. *See Ellender*, 968 S.W.2d at 921. Specifically, there is no evidence of any act or omission by Rodriguez which

showed he had actual subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety, or welfare of others, including Saenz. *See id.*

Accordingly, Saenz failed to meet his burden to produce summary judgment evidence that amounts to more than a surmise or suspicion. Since Saenz suggests only suspicion and speculation as a basis for his conclusion that Rodriguez proximately caused the accident, the trial court correctly found that Saenz presented less than a scintilla of evidence. Because the trial court properly granted summary judgment on each of Saenz's causes of action, we overrule this issue.

Having overruled each of Saenz's issues on appeal, we affirm the judgment of the trial court.

## Footnotes

1        In his first amended original petition, Saenz alleged that Rodriguez was negligent in the following ways: 1) failing to keep a proper lookout as a person of ordinary care would have kept under a similar circumstance; 2) failing to inspect and repair or alter brakes; 3) failure to inspect or repair broken gas gauges; 4) ordering Saenz to return the truck with a nearly-empty fuel tank because Rodriguez was planning on selling the truck upon Saenz's completion of the assignment; 5) forcing Saenz to drive at night; 6) refusing to pay for proper federal permits; 7) failing to keep maintenance records; 8) failing to test Colunga for substance abuse; 9) requesting that Colunga accompany Saenz on this route; 10) negligently hiring and retaining Colunga; 11) failing to check Colunga's physical health; 12) failing to check Colunga's driving record; 13) failing to conduct an appropriate background or reference check on Colunga before and during his work for Rodriguez; 14) negligently supervising Colunga; 15) negligently testing or failing to test Colunga's competence and qualifications to operate a tractor-trailer; 16) negligently permitting Colunga, a person that Rodriguez knew or, in the exercise of due care, should have known, was unfit, incompetent, reckless and/or impaired to operate a tractor-trailer; 17) failing to inspect the truck; 18) failing to keep the driving mechanisms of the truck free from interference; 19) failing to make such application of the brakes as a person using ordinary care would have made under the same or similar circumstance; 20) failing to exercise due care to avoid colliding with Saenz, who was a pedestrian upon the roadway; and 21) failing to maintain the vehicle in proper working condition. Saenz alleges that each of the acts and/or omissions, singularly or in combination with others, constitute negligence and negligence per se which proximately caused Saenz's injuries.

2        Rodriguez only addressed the following negligence claims in his motion for summary judgment: 1) failing to keep a proper lookout; 2) failing to maintain control over the vehicle prior to the collision; 3) operating the vehicle in willful and wanton disregard for the safety of persons; 4) failing to keep driving mechanisms of Rodriguez Trucking vehicle free from interference; 5) failing to make such application of the brakes as a person using ordinary care; 6) failing to exercise due care to avoid colliding with plaintiff who was a pedestrian; 7) failing to give warnings to plaintiff by sounding the horn when necessary; and 8) failing to maintain the vehicle in proper working condition.

**End of Document**                © 2015 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext. © 2015 Thomson Reuters   Privacy Statement   Accessibility   Supplier Terms   Contact Us   1-800-REF-ATTY (1-800-733-2889)
Improve WestlawNext


THOMSON REUTERS